UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RAMON ORTIZ,
Petitioner,
v.
J. CASTELO, Warden,
Respondent.

NO. EDCV 16-1847-AG (AGR)

ORDER TO SHOW CAUSE

Petitioner has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that the one-year statute of limitations has expired.

The court therefore orders Petitioner to show cause on or before ***November 3, 2016*** why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

**I.**

**PROCEDURAL BACKGROUND**

In 1997, a Riverside County Superior Court jury convicted Petitioner of several crimes, including burglary. Because he had suffered two prior "strike" convictions, he received a "Third Strike" sentence of 25 years to life in prison. (Petition at 2. ) On July 15, 1999, the California Court of Appeal affirmed in part, reversed in part and remanded with directions. (*See* Petition at 2-3.) Although Petitioner states he did not petition for review, the California Supreme Court's online docket indicates that it denied a petition for review on September 22, 1999 in Case No. S081420. (Petition at 3.)

Nearly 17 years passed. On June 20, 2016, Petitioner filed a habeas petition in the California Supreme Court, claiming that the state's "Three Strikes" sentence-enhancement law was unconstitutional. The court denied relief on August 10, 2016. *(See* Petition at 3-4; California Appellate Courts Online Docket in Case No. S235279.)

**II.**

**STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

**A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

Petitioner's conviction became final on December 21, 1999, ninety days after the California Supreme Court denied his petition for review. *Bowen v. Roe*,

188 F.3d 1157, 1159 (9th Cir. 1999). Absent tolling, the statute of limitations expired one year later on December 21, 2000.

**1. Statutory Tolling**

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Petition does not indicate any state habeas challenges during the limitations period. He cannot benefit from tolling for his 2016 California Supreme Court petition, for he did not file that action until long after the limitations period had expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

**2. Equitable Tolling**

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, 560 U.S. 631, 634(2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 653 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time"' and '"the extraordinary circumstances" were the cause of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

**B. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)**

The statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner's sole claim is that the Three Strikes Law is unconstitutional and that the trial judge based his Three Strikes sentence on a prior conviction that did not constitute a serious felony under Cal. Penal Code § 1192.7 at the time Petitioner was convicted. (Petition at 5.) Petitioner has therefore been aware of the factual predicate of his claim, and the prior strikes on which his Three Strikes sentence was based, no later than the date on which his conviction became final. The Petition remains time barred.

**III.**

**ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before ***November 3, 2016,*** Petitioner shall show cause why the court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations.

**If Petitioner fails to respond to this order to show cause by November 3, 2016, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations**.

DATED: October 3, 2016

Alicia G. Rosenberg

ALICIA G. ROSENBERG
United States Magistrate Judge