UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ORTIZ,<br><br>    Petitioner,<br><br>    v.<br><br>J. CASTELLO,<br><br>    Respondent. | NO. EDCV 16-1847-AG (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Report and Recommendation of the United States Magistrate Judge and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

      Petitioner was sentenced in 1997 under California's Three Strikes Law to 25 years to life in state prison based on a conviction for burglary with use of a firearm and two prior convictions. (Petition at 2.) In his sole ground for relief, Petitioner argues that the trial judge was "arbitrary and retroactively applied

section 1192.7 because that section was not enacted until June 9, 1982," whereas Petitioner's prior convictions occurred on March 26, 1982. (*Id.* at 5.)

Petitioner argues that his Petition is not untimely because it is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was later held retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). The *Johnson* decision held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA") – which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "both denies fair notice to defendants and invites arbitrary enforcement by judges" and "denies due process of law." 18 U.S.C. § 924(e)(2)(B); *Johnson*, 135 S. Ct. at 2555, 2557. The Report and Recommendation rejected Petitioner's argument because the residual clause in the ACCA does not have a counterpart in the Three Strikes law, and the language at issue in *Johnson* does not appear anywhere in the Three Strikes law. Cal. Penal Code §§ 667.5(c) (defining "violent felony"), 1192.7(c) (defining "serious felony"); *see* Report at 5 (noting petitioner "was not sentenced under the ACCA or even any state equivalent"); *Renteria v. Lizarraga*, 2016 U.S. Dist. LEXIS 119305, *16-*17 (C.D. Cal. Aug. 1, 2016). Petitioner makes a conclusory argument that the ACCA's residual clause and the Three Strikes law "are without doubt synonyms of each other." (Objections at 3.) However, Petitioner does not identify any language in the Three Strikes Law that is comparable to the ACCA's residual clause and has not identified any way in which the *Johnson* decision could apply to his ground for relief.

IT THEREFORE IS ORDERED that judgment be entered denying the Petition for Writ of Habeas Corpus as untimely.

DATED: December 27, 2016

ANDREW J. GUILFORD
United States District Judge

2